JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
San Francisco Technology Inc.

### DEFENDANTS
Howell Ventures Ltd.

ADR  E-Filing

**(b)** County of Residence of First Listed Plaintiff: Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kathryn G. Spelman, Esq., Daniel H. Fingerman, Esq., Mount & Stoelker, P.C., RiverPark Tower, Suite 1650, 333 W. San Carlos St., San Jose, CA 95110; (408) 279-7000

Attorneys (If Known)

CV10-05575 MEJ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Section 292

Brief description of cause:
False patent marking

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500 per offense
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND ☒ SAN JOSE ☐ EUREKA

DATE: 12/8/2010
SIGNATURE OF ATTORNEY OF RECORD

Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| | |
|---|---|
| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Howell Ventures Ltd.<br><br>Defendant | Case No. CV10-05575 MEJ<br><br>**Complaint**<br><br>**Demand For Jury Trial** |

*Qui tam* relator San Francisco Technology Inc. ("SF Tech") files this Complaint against defendant Howell Ventures Ltd. ("Howell Ventures") and alleges as follows:

### Nature of Action

1. This is a *qui tam* action to impose civil fines for false marking. As alleged further below, Howell Ventures has falsely marked articles in violation of 35 U.S.C. § 292 and must be civilly fined for each offense: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public ... Shall be fined not more than $500 for every such offense." Howell Ventures has falsely marked products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Howell Ventures falsely marked articles with intent to deceive the public.

### Parties

2. Plaintiff San Francisco Technology is a Delaware corporation with its principal place of business in San Jose, California.

3. Upon information and belief, Howell Ventures is a Canadian business entity with its principal place of business at 4850 Rte 102, Upper Kingsclear, New Brunswick, Canada, E3E 1P8.

### Jurisdiction & Venue

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1355(a).

5. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

6. Upon information and belief, this court has personal jurisdiction over Howell Ventures because Howell Ventures has sold its products, including its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District. Upon information and belief, such sales are substantial, continuous, and systematic. Howell Ventures advertises its products, including its falsely marked products on its web site, at http://www.suregrip-hvl.com/. Howell Ventures advertises on that web site that its products are sold at many retail stores located in California and in this District, including Access

Options, Driving Specialties, and Nor-Cal Mobility.[1]

### Intradistrict Assignment

7. This case is appropriate for District-wide assignment under Civil Local Rule 3-2(c) because the claims in this Complaint arise under 35 U.S.C. § 292, which is codified with the patent statutes.

### Howell Ventures' False Marking

8. SF Tech incorporates by reference all above allegations.

9. Upon information and belief, Howell Ventures makes and sells many types of products, including the Sure Grip Hand Controls with AutoLock (the "Accused Product").

10. Howell Ventures causes or contributes to the marking and advertising of products with the U.S. Patent No. 4,993,509, including, but not limited to, the Accused Product.

11. U.S. Patent No. 4,993,509, entitled "Vehicle hand control device", issued on February 19, 1991.

12. Howell Ventures individually marks the Accused Product:

> MADE IN CANADA BY:
> HOWELL VENTURES LTD.
> US PAT. # 4993509

13. U.S. Patent No. 4,993,509 is an expired patent. Upon information and belief, U.S. Patent No. 4,993,509 expired no later than February 19, 1999. Upon information and belief, U.S. Patent No. 4,993,509 would have naturally expired no later than February 3, 2010, but it expired earlier because the patentee decided not to pay a maintenance fee.

14. Howell Ventures' falsely marked products are being sold in 2010 with such false markings, after the expiration of U.S. Patent No. 4,993,509. A Sure Grip Hand Control with AutoLock marked "SERIAL # 21596" was sold on or about August 30, 2010.

15. Howell Ventures is a sophisticated company and has many years of experience applying for, obtaining, and maintaining patent rights. Howell Ventures also has extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

---

[1] http://www.suregrip-hvl.com/dealerlocator.html?dealercountry=USA&dealerprovince=CA

16. Howell Ventures (including Howell Ventures' patent counsel) knew or should have known that the term of U.S. Patent No. 4,993,509 expired no later than its expiration date.

17. Howell Ventures is no longer paying maintenance fees to the United States Patent and Trademark Office to maintain U.S. Patent No. 4,993,509.

18. Howell Ventures knew or should have known that U.S. Patent No. 4,993,509 had already expired at the same time Howell Ventures was marking and advertising products with U.S. Patent No. 4,993,509.

19. Howell Ventures knows, or reasonably should know, that U.S. Patent No. 4,993,509 does not protect the Accused Product, or any products whatsoever.

20. Howell Ventures could have no reasonable belief that it was proper to mark and advertise products with the numbers of the expired U.S. Patent No. 4,993,509, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition.

21. Upon information and belief, Mobility Products & Design is and has been a competitor of Howell Ventures for many years in the making and selling of assistive devices that enable persons with physical disabilities to drive automobiles. Upon information and belief, Mobility Products & Design initially intended to make and sell a product substantially identical to the Accused Product in or around 2002. Upon information and belief, Mobility Products & Design began making and selling a product substantially identical to the Accused Product in or around 2009. Upon information and belief, Mobility Products & Design delayed making and selling a product substantially identical to the Accused Product because Howell Ventures labeled the Accused Product with: "US PAT. # 4993509." Upon information and belief, Mobility Products & Design understood the marking "US PAT. # 4993509" to mean that U.S. Patent No. 4,993,509 actually covered the Accused Product and was currently active and unexpired. Upon information and belief, Mobility Products & Design relied on Howell Ventures' marking on the Accused Product and was actually deceived into believing that U.S. Patent No. 4,993,509 covered the Accused Product from the period 2002 – 2009. Upon information and belief, Mobility Products & Design, and its principals, lost profit and income and were otherwise harmed by Howell Ventures' false marking.

22. For at least the reasons set forth herein, Howell Ventures has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefited in at least maintaining its market share in the marketplace.

23. For at least the reasons set forth herein, Howell Ventures has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely caused the retail price of its Accused Product to be inflated above normal market levels, and has caused the public to face inflated prices for its products.

24. The public deception, and/or competitive harm caused by each of Howell Ventures' false markings has and continues to harm the United States and the public, including relator SF Tech, a representative of the public incurring the cost and time associated with this enforcement.

### Demand For Judgment

SF Tech demands judgment against Howell Ventures, as follows:

1. A declaration that Howell Ventures violated 35 U.S.C. § 292.

2. An accounting of the number, sales, and revenue of any falsely marked articles not presented at trial.

3. A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.

4. Costs, including attorney fees.

5. A finding that this is an exceptional case.

6. Any other relief the court deems appropriate.

### Demand For Jury Trial

SF Tech demands a jury trial on all issues so triable.

Date: November 29, 2010

Mount & Stoelker, P.C.,
/s/ Dan Fingerman
Counsel for San Francisco Technology Inc.