Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Benjamin R. Lemke (Cal. Bar No. 271706)
Mount, Spelman & Fingerman, P.C.
Riverpark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com; dfingerman@mount.com;
           blemke@mount.com

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California, San Francisco Division

| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Howell Ventures Ltd.<br><br>Defendant | Case No. 3:10-cv-05575-MEJ<br><br>**Case Management Statement**<br><br>Date:   March 17, 2011<br>Time:   10:00 a.m.<br>Room:  Courtroom B, 15th floor<br>Judge:  Maria-Elena James |
|---|---|

San Francisco Technology Inc. ("SF Tech" or "Plaintiff") submits this Case Management Statement for the Case Management Conference (CMC) scheduled for March 17, 2011 at 10:00 a.m.

Defendant Howell Ventures Ltd. did not participate in this report because it has not appeared in this case. As discussed further below, SF Tech has filed a motion seeking entry of its default.

**(1) Jurisdiction and Service**

This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (case arising under the federal Patent Act), and 1355(a) (case arising under a federal statute for a fine or penalty). This court has personal jurisdiction over all parties.

Defendant was served on January 7, 2011, pursuant to FRCP 4(h) and Cal. Code Civ. Proc. § 415.40. A proof of service was filed on March 2 (Docket No. 3). Defendant has not yet appeared in this case or contacted SF Tech about this case, so SF Tech filed a motion on March 8 (Docket No. 4), seeking entry of Defendant's default.

**(2) Facts**

Defendant applied false patent markings to its unpatented products, with words and numbers importing that those products are patented, with intent to deceive the public, in violation of 35 U.S.C. § 292. Defendant sells its products under the brand name Sure Grip, and the specific products at issue are the Sure Grip Hand Controls. Defendant marks those products with this text, as alleged in the complaint: "US PAT. # 4993509". U.S. Patent 4,993,509 expired on February 19, 1999, yet Defendant has marked the product after its expiration.

**(3) Legal Issues**

The false marking statute, 35 U.S.C. § 292, imposes a civil fine on those who apply false patent markings to their products with intent to deceive the public. The court must assess a fine of "not more than $500 for every such offense."[1] The statute contains a *qui tam* provision, which states: "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."[2] In this case, SF Tech is the *qui tam* relator.

A false marking offense has occurred for each unit of the product which Defendant has

---

[1] 35 U.S.C. § 292(a)
[2] 35 U.S.C. § 292(b)

marked with the accused markings.[3]  It is beyond question "that an article covered by a now-expired patent is unpatented. … An article that was once protected by a now-expired patent is no different from an article that has never received protection from a patent.  Both are in the public domain."[4]  Since there is no reasonable basis to believe that a marking with an expired patent is truthful, the law imposes a presumption of deceptive intent when such a marking is made after a patent's expiration.[5]  Ordinarily, someone accused of false marking may attempt to rebut at trial the presumption of deceptive intent.  However, Defendant has defaulted, and the default operates as an admission of the facts alleged in the complaint, so the law now presumes that Defendant falsely marked its products with deceptive intent.

**(4) Motions**

Defendant was served on January 7, 2011, pursuant to FRCP 4(h) and Cal. Code Civ. Proc. § 415.40.  A proof of service was filed on March 2 (Docket No. 3).  Defendant has not yet appeared in this case or contacted SF Tech about this case, so SF Tech filed a motion on March 8, seeking entry of Defendant's default (Docket No. 4).

**(5) Amendment of the Pleadings**

At this time, SF Tech does not anticipate amending its complaint.

**(6) Evidence Preservation**

If Defendant appears in this case, the parties will discuss evidence preservation.  SF Tech has taken steps to preserve all evidence that it believes is relevant to this case.

**(7) Disclosures**

If Defendant appears in this case, the parties will discuss exchanging initial disclosures.

**(8) Discovery**

If Defendant appears in this case, the parties will discuss discovery.

**(9) Class Actions**

Not applicable.

---

[3] *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009)
[4] *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361 (Fed. Cir. 2010) (*Pequignot 4*) (quotation and editing marks omitted)
[5] *Pequignot 4*, 608 F.3d at 1362–64; *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352–53 (Fed. Cir. 2005)

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**(10) Related Cases**

SF Tech is not aware of any related cases.

**(11) Relief Sought**

SF Tech seeks a fine of up to $500 per false marking offense (half paid to the United States and half paid to SF Tech) and its costs, including attorney fees.

**(12) Settlement and ADR**

If Defendant appears in this case, the parties will discuss ADR.

**(13) Consent to Magistrate Judge For All Purposes**

SF Tech has consented to proceeding before a U.S. Magistrate Judge.

**(14) Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**(15) Narrowing of Issues**

If Defendant appears in this case, the parties will discuss narrowing of the issues.

**(16) Expedited Schedule**

This case is not appropriate for abnormally expedited scheduling.

**(17) Scheduling**

Since Defendant has defaulted, entering a scheduling order is unnecessary. SF Tech intends to move for a judgment based on the default promptly after the default is entered.

**(18) Trial**

In the complaint, SF Tech has demanded a jury trial on all issues so triable. However, a trial will be unnecessary due to Defendant's default.

**(19) Disclosure of Non-Party Interested Persons and Entities**

SF Tech has disclosed Daniel S. Mount.

**(20) Other Matters**

SF Tech has no other matters to report at this time.

Date: March 10, 2011                       Mount, Spelman & Fingerman, P.C.
                                           /s/ Daniel H. Fingerman
                                           Counsel for San Francisco Technology Inc.

**Certificate of Service**

The undersigned certifies that the foregoing document was filed using the court's electronic filing system (ECF). The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under to accept that Notice as service of this document.

Date: March 10, 2011

Mount, Spelman & Fingerman, P.C.,
/s/ Daniel H. Fingerman
Counsel for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\False005\Attorney_Notes\Drafts\CMC Statement.doc

Certificate of Service
Page 1